IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER: | CASE No.: 16-06911 (ESL) |
| **MARIO MORALES APONTE** <br> **LUZ A. NIEVES OROZCO** | CHAPTER 13 |
| Debtors | |
| FIRSTBANK PUERTO RICO | |
| Movant | |

### ANSWER TO DEBTORS' OBJECTIONS TO SECURED CLAIMS No. 1 and 2 FILED BY FIRSTBANK PUERTO RICO

TO THE HONORABLE COURT:

Comes now **FIRSTBANK PUERTO RICO** through its undersigned counsel and respectfully alleges and prays:

### I. JURISDICTION

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §502, on *Allowance of claims or interests*.

### II. FACTS

2. Debtors filed instant petition for relief under the provisions of chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on August 30, 2016.

3. Firstbank PR filed two (2) secured claims in this case: claim no. 1, filed on September 9, 2016 in the amount of $7,445.92 as holder of a duly registered lien guaranteed with a 2005 Chrysler 300-CS under Mr. Morales' name, and claim no. 2, filed on September 13, 2016 in the amount of $15,545.80 as holder of a duly registered lien guaranteed with a 2005 Chevrolet Corvette under joint Debtor's name.

4. As of today no objection to confirmation has been filed by Firstbank PR in this case. However, on February 15, 2017 counsel for Debtors objected claims no. 1 and 2 (dockets no. 36 and 37, respectively) alleging both claims were filed for a higher amount than the *pay-off* balance and requesting both claims be allowed up to their respective *pay-off* amounts. No

further allegations were made by Debtors against Firstbank's claims.

5. Within the allowed extensions of time requested by Firstbank PR and granted by the Court, appearing creditor presents its answer to Debtors' objections to claims no. 1 and 2. For the reasons that follow, Debtors' objections to claims no. 1 and 2 must be overruled.

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

### III. DISCUSSION

6. In their respective motions Debtors are not challenging the validity of Firstbank's claims as a secured creditor. "Where the proof of claim is not filed in accordance with the Federal Rules of Bankruptcy Procedure, the proof of claim loses its *prima facie* evidence of the validity of the claim, and therefore the burden of proof rests at all times on the claimant." *In re Long*, 353 B.R. 1, 13 (Bankr. D.Mass. 2006).

7. Otherwise, a proof of claim properly executed and filed in accordance with the Federal Rules of Bankruptcy Procedure must satisfy two (2) requirements set forth in Rule 3001 itself. First, "when a claim … is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c). Second, "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.' " *Id.* (citing Fed. R. Bankr. P. 3001(d)).

8. Debtors are merely questioning Firstbank's right to *un-matured* interest under 11 U.S.C. §502(b)(5).

9. First of all, Firstbank is an *over-secured* creditor since the value of each collateral exceeds each lien or security. Regarding claim no. 1, indeed the *pay-off* amount at the time of the filing was $6,028.72, while the estimated value of the collateral was $7,225.00; in the other hand, *pay-off* amount for claim no. 2 was $14,376.16, while the estimated value of the collateral was $15,250.00. (To this effect, please see Attachments "A" and "B".)

10. It is necessary to point out that both claims (no. 1 and 2) are for a lump-sum amount and do not purport to collect post-petition interests after confirmation. However, as a creditor holding an *over-secured* claim, Firstbank's claims are governed by the provisions of section

506(b) of the Bankruptcy Code, not section 502(b).

11. Section 506(b) expressly provides for recovery of interests on *over-secured* claim. Certainly Debtors cannot dispute Firstbank's computation of accumulated pre-petition interests in arrears. Under 506(b) the law is clear that Firstbank can compute and recover post-petition interests <u>at the contract rate</u> until plan confirmation. Section 506(b) of the Code (11 U.S.C.) also provides for the recovery of reasonable fees, including legal fees, costs and other charges related to the account incurred by the claimant if recovery is permissible under the note or by statute. Firstbank's respective notes clearly support the recovery of these items.

12. The statute provides four requirements for the allowance of post-petition fees to a secured creditor: (1) the claim must be an allowed **secured claim**; (2) the creditor must be *over-secured*, that is, the value of the collateral must exceed the lien or security; (3) the entitlement of fees must be provided under the security agreement or state statute; and (4) the fees must be reasonable. *See In re Acevedo Dávila*, 2009 WL 249833, *1 (Bankr. DPR 2009).

13. In this case the first three elements are undisputed and there is no issue as to the "reasonableness" of any portion of claims no. 1 and 2. Thus, both claims no. 1 and 2 pass muster under 506(b) and should be left undisturbed.

14. An *over-secured* creditor can recover post-petition interest under section 506(b) as part of its allowed claim. *United States v. Ron Pair Enters, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). There is no dispute that interest accumulated between filing the bankruptcy petition and confirmation of the bankruptcy plan is calculated at the contract rate under section 506(b). *In re Delta Res., Inc.*, 54 F.3d 722, 730 (11th Cir.1995) (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1407 (5th Cir.1986)). The issue at bar is whether section 506(b) applies following confirmation. The decisions of the bankruptcy and district courts, which held that section 506(b) is inapplicable following confirmation, are consistent with Supreme Court and circuit court decisions interpreting the scope of section 506(b). In *Rake v. Wade,* the Supreme Court noted that an over-secured creditor's claim for interest accrues under section 506(b) "as part of the allowed claim from the petition date until the confirmation or effective date of the plan." 508 U.S. 464, 471, 113 S.Ct. 2187, 2191, 124 L.Ed.2d 424 (1993), *superseded on other grounds by statute* 11 U.S.C. § 1322(e)." *See, In re*

*Garner*, 663 F.3d 1218, 1219-20 (11th Cir. 2011); *see, also, In re Alvarez*, 458 B.R. 645, 651 (Bankr. DPR 2011) (Section 506(b) mandates payment of interest, fees, costs and charges for over-secured claims).

15. Debtors are only questioning the propriety of what they characterize as "un-matured" *post-petition* interest prohibited under section 502(b). A review of Firstbank's claims will show the added interest and the accumulated interests and other charges added to the outstanding principal as of the petition date. Considering that seven (7) months have elapsed from the filing of the petition and plan has not been confirmed yet, Firstbank was in its right under the Bankruptcy Code to add interests and charges up to the date of confirmation. Therefore, Debtors' query under 502(b) regarding the interest in the claim is legally defective and does not rise to the standard necessary to create an issue under the four-prong test granting Firstbank the right to recover every aspect of claims no. 1 and 2 under section 506(b). After all, "section 506(b) of the Bankruptcy Code is an exception to the general rule that a creditor cannot claim interest accruing on debts during bankruptcy: To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose. 11 U.S.C. § 506(b).

16. However, Firstbank's claims remain unchanged since they were filed and the same is fair and legally enforceable under the security agreement, section 506 of the Bankruptcy Code.

WHEREFORE, in light of the above stated, appearing creditor requests that Debtors' objection to claims no. 1 and 2 be denied.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Local Bankruptcy Rule no. 9013-1 (c)(2).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of April, 2017.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by CM/ECF at their authorized address to: all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; Roberto A. Figueroa Colón, Esq., debtors' attorney and to debtors by regular mail to the address of record: HC-15 Box 16147, Humacao, P.R. 00791, as per the attached *List of Creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

Attachment "A"



Autos  Motorcycles  RVs  Boats  Classic Cars  Manufactured Homes  Store

NADAGUIDES CAR PRICES   CAR RESEARCH TOOLS   CAR DEALS   COMPARE CARS



Change Make > Change Year & Model > Change Trim > Change Mileage & Options > Values



## 2007 Chrysler 300-V6
Sedan 4D
**Compare to Other Cars**

 View Pictures (1)



| Values | Specifications | Pictures | Reviews & Ratings | Safety |

Values | CPO Pricing | CPO Incentives & Deals | Cost to Own | Calculate Payments

## Values                                                       Print

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $2,650 | $3,600 | $4,400 | $6,600 |
| Mileage (102,000) | $625 | $625 | $625 | $625 |
| Total Base Price | $3,275 | $4,225 | $5,025 | $7,225 |
| Options: (add) | | | | |
| Price with Options | $3,275 | $4,225 | $5,025 | $7,225 ✓ |

Search car listings & find the right car for you. Click here for '2007 Chrysler 300' local listings >>

### Search Used Car Listings

Find 2007 Chrysler listings for sale near you.   Submit

### Vehicle History Report

Get answers to buy with confidence.
- Check for accidents
- Confirm the reported mileage
- Get unlimited reports

Press GO or Enter VIN   Submit

Powered by AutoCheck
A part of Experian

### Car Buying & Selling Services

List your car now on AutoTrader.com          Find cars for sale in your local area
Free new car dealer quote                    Get pre-approved for an auto loan
Get a free insurance quote provided by GEICO  Find incentives & rebates in your area

Next: CPO Pricing

Industry     Help     Tools     Company



Autos   Motorcycles   RVs   Boats   Classic Cars   Manufactured Homes   Store

Attachment "B"

NADAGUIDES CAR PRICES   CAR RESEARCH TOOLS   CAR DEALS   COMPARE CARS



Change Make > Change Year & Model > Change Trim > Change Mileage & Options > Values

### 2005 Chevrolet Corvette-V8-6 Spd./AT
Coupe 2D (AT/6 Spd)
Compare to Other Cars

View Pictures (1)



Values | Specifications | Pictures | Reviews & Ratings | Safety
Values | CPO Pricing | CPO Incentives & Deals | Cost to Own | Calculate Payments

## Values                                                Print

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $11,050 | $12,900 | $14,450 | $17,300 |
| Mileage (210,000) | -$2,050 | -$2,050 | -$2,050 | -$2,050 |
| Total Base Price | $9,000 | $10,850 | $12,400 | $15,250 |
| Options: (add) | | | | |
| Price with Options | $9,000 | $10,850 | $12,400 | $15,250 |

Search car listings & find the right car for you. Click here for '2005 Chevrolet Corvette' local listings >>

### Search Used Car Listings

Find 2005 Chevrolet listings for sale near you.   Submit

### Vehicle History Report



Get answers to buy with confidence.
- Check for accidents
- Confirm the reported mileage
- Get unlimited reports

Press GO or Enter VIN   Submit

Powered by AutoCheck
A part of Experian

### Car Buying & Selling Services

List your car now on AutoTrader.com           Find cars for sale in your local area
Free new car dealer quote                    Get pre-approved for an auto loan
Get a free insurance quote provided by GEICO  Find incentives & rebates in your area

### Best Deals in Your Area
See All Deals Available   Go

2016 Chevrolet Impala

http://www.nadaguides.com/Cars/2005/Chevrolet/Corvette-V8-6-Spd-AT/Coupe-2D-AT-...   10/31/2016

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 16-06911-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Tue Apr 11 08:41:14 AST 2017 | FIRSTBANK PR<br>PO BOX 9146<br>SAN JUAN, PR 00908-0146 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| ATT Services<br>PO Box 192830<br>San Juan, PR 00919-2830 | Agustin Lopez Garcia<br>PO Box 1767<br>Las Piedras, PR 00771-1767 | BAUTISTA CAYMAN ASSET COMPANY<br>C/O CAPITAL CROSSING PUERTO RICO, LLC<br>PO BOX 70111<br>SAN JUAN, PR 00936-8111 |
| CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5387 | Capital Crossing Puerto Rico<br>221 Ponce de Leon Ave 12th Floor 1204<br>San Juan, PR 00917-1806 | Claro<br>PO Box 360998<br>San Juan, PR 00936-0998 |
| EASTERN AMERICA INSURANCE COMPANY<br>PO BOX 9023862<br>SAN JUAN, PR 00902-3862 | FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION -CODE 248<br>PO BOX 9146, SAN JUAN PR 00908-0146 | Island Finance<br>PO Box 71504<br>San Juan, PR 00936-8604 |
| LVNV Funding, LLC its successors and assigns<br>assignee of Santander Financial<br>Services, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Luis A. Ortiz Carrasquillo, Esq.<br>PO Box 458<br>Yabucoa, PR 00767-0458 | PAX CHRISTI CEMETERY<br>SCI MANAGEMENT<br>PO BOX 7806<br>HOUSTON, TX 77270-7806 |
| Synchrony Bank<br>c/o of Recovery Management Systems Corp<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | LUZ ARISMILDA NIEVES OROZCO<br>HC 15 BOX 16147<br>HUMACAO, PR 00791-9704 |
| MARIO MORALES APONTE<br>HC 15 BOX 16147<br>HUMACAO, PR 00791-9704 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO ARISTIDES FIGUEROA COLON<br>FIGUEROA & SERRANO PSC<br>PO BOX 1635<br>GUAYNABO, PR 00970-1635 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BAUTISTA CAYMAN ASSET COMPANY

End of Label Matrix
Mailable recipients    20
Bypassed recipients     1
Total                  21